UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BETTY N.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-00300-SEB-CSW |
| | ) |
| MARTIN O'MALLEY Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Betty N. ("Betty") petitioned the court for judicial review of Defendant Commissioner of Social Security Administration's ("Commissioner") final decision finding her not disabled based on the information set forth in her application filed on April 14, 2021. The case was referred to Magistrate Judge Wildeman for her consideration. On February 8, 2024, Magistrate Judge Wildeman issued a Report and Recommendation that the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accord with the law. Betty

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

filed a timely objection to the Magistrate Judge's Report and Recommendation, which we now address.

## I. Standards of Review

Our review of the decision of the Administrative Law Judge ("ALJ") will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This is a deferential standard of review, and we must affirm if there was no error of law and the ALJ's factual findings are supported by substantial evidence. "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). This standard demands more than a scintilla of evidentiary support, but it does not demand a preponderance of the evidence. *Wood v. Thompson*, 246 F.3d 1026, 1029 (7th Cir. 2001). When accepting or rejecting specific evidence of a disability, the ALJ is required to articulate a minimal, but legitimate, justification. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in his decision, but he cannot ignore a line of evidence that undermines the conclusions he made, and he must trace the path of their reasoning and connect the evidence to his findings and conclusions. *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). In addition, the district court will "determine whether [the ALJ's

decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). We confine the scope of our review to the rationale offered by the ALJ. *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

In our review of a party's specific objections to elements of a Magistrate Judge's Report and Recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). *De novo* review requires a re-examination of the case with a fresh set of eyes and "an independent judgment of the issues." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1210 (7th Cir. 1984). After review, the court is empowered to adopt, reject, or modify the recommendations and/or findings by the Magistrate Judge. Fed. R. Civ. P. 72(b). The objections before us have been properly and timely interposed.

## II. Discussion and Decision

Plaintiff Betty filed an application for disability insurance benefits on April 14, 2021, alleging an onset of disability on December 12, 2019. When she filed her application, she was 64 years of age and had past relevant work as a claims clerk and assembler. After her application was denied initially and on reconsideration, she

requested a hearing before the ALJ, after which the ALJ concluded that Betty was still capable of performing past relevant work and denied her application accordingly.

The ALJ followed the five-step process for determining whether claimant is disabled as set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Betty had not engaged in substantial gainful activity between her alleged onset date and her date last insured. At step two, the ALJ determined that Betty suffered from the following severe impairments: diabetes with neuropathy, osteopenia, and hyperparathyroidism. At step three, the ALJ found that Betty did not have an impairment or combination of impairments that meets the severity of the impairments in Social Security Administration's Listings. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1. Thereafter the ALJ determined Betty's residual functional capacity ("RFC") and found that she was capable of performing light work except she "cannot"[2] frequently climb ladders, ropes, and scaffolds. At step four, the ALJ concluded that Betty was capable of performing past relevant work as a claims clerk and assembler. Having concluded that Betty was capable of performing past relevant work, the ALJ did not engage in the analysis at step five regarding jobs that exists in significant numbers

---

[2] The ALJ's decision and the Magistrate Judge's Report and Recommendation state that Betty has the capacity to perform light work "except she *can* frequently climb ladders, ropes, and scaffolds." Dkt. 8-2 at 20 (emphasis added); R. & R. 5, dkt. 16 (emphasis added). We believe this to be an error and have changed the wording to "cannot frequently climb ladders, ropes, and scaffolds."

in the national economy. Therefore, the ALJ concluded that Betty was not under a disability at any time from December 12, 2019, the alleged onset date, through March 31, 2021, the date last insured.

In this appeal, Betty argues that the ALJ's decision denying her benefits should be reversed because of three errors: (1) failure to include limitations on hand usage, standing or walking in the RFC analysis, despite pain, numbness, and tingling in Betty's hands and feet; (2) inadequate explanation of why she discredited Betty's testimony about her symptoms, in violation of SSR 16-3p; and (3) insufficient discussion of how Betty could return to past relevant work without explaining the requirements of such work and how Betty's RFC could affect those requirements.

A.   **Residual Functional Capacity**

In Magistrate Judge Wildeman's Report and Recommendation, she rejected Betty's contention that the ALJ failed to adequately explain the "light work" RFC. To determine the RFC, the ALJ discussed Betty's pain, fatigue, neuropathy, osteopenia, and hyperparathyroidism. Contrary to Betty's argument that the ALJ failed to include limitations on hand usage, standing, or walking in the RFC analysis, the ALJ did specifically consider them. Moreover, in evaluating Betty's statements regarding the intensity of these symptoms, the ALJ found that Betty's testimony was not fully consistent with the information contained in the medical records between 2019 and 2022. The ALJ conceded that "an individual's symptoms can sometimes suggest a

5

greater level of severity of impairment than can be shown by the objective medical evidence." Dkt. 8-2 at 22.

Nevertheless, ultimately the ALJ credited the opinions of the reviewing physicians (both of whom opined that Betty was capable of performing light work). Indeed, Betty submitted no other medical opinion suggesting that greater restrictions were necessary beyond those set out by the ALJ. *See Gedatus v. Saul*, 994 F.3d 893, 904 (7th Cir. 2021) (noting that "[a] fundamental problem" arises when a claimant offers "no opinion from any doctor to set sitting limits, or any other limits, greater than those the ALJ set"). Magistrate Judge Wildeman determined that the ALJ had considered the appropriate medical evidence, relied on physician analysis, and determined the objective medical record to be more persuasive than Betty's testimony. We fully concur in Magistrate Judge Wildeman's conclusion that there was substantial support establishing that the ALJ had accommodated Betty's limitations in the RFC, and we adopt, in their entirety, her findings and recommendations as our own as to this issue.

B.   **Subjective Symptom Analysis**

Betty's second objection to the Magistrate Judge's recommended ruling relates to her rejection of Betty's contention that the ALJ had failed to properly assess her symptoms under SSR 16-3p. To evaluate an individual's symptoms under SSR 16-13p, the ALJ must (1) determine "whether [the claimant's] medically

6

determinable impairment(s) could reasonably be expected to produce [the claimant's] alleged symptoms," and (2) evaluate the "intensity and persistence of [the claimant's] symptoms, such as pain, and determin[e] the extent to which [the claimant's] symptoms limit [the claimant's] capacity for work." 20 C.F.R. § 416.929(b)-(c). Here, the ALJ determined that Betty's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, in addressing the second prong of the analysis, the ALJ concluded that Betty's statements regarding the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the other evidence in the record.

Betty maintains that the ALJ failed to follow the required procedure in reaching this conclusion, citing to evidence that her doctor had suggested foot elevation, which recommendation the ALJ failed to fully analyze. In addressing this issue, Magistrate Judge Wildeman noted that the evidence shows that the doctor merely "counseled" Betty on elevation and suggested as well that she reduce her salt intake to deal with the "minimal puffiness" in her ankle. Dkt. 8-9 at 535. Betty was unable to provide any other medical documentation supporting a finding that she was required to elevate her legs. Magistrate Judge Wildeman found no error in the ALJ's weighing of Betty's testimony about her pain levels, compared to her testimony about lifestyle and medical records, against the medical records that showed either minimal or effective treatment. Based on the objective medical evidence, the ALJ

7

concluded that Betty's pain limitations were not as burdensome or onerous as Betty had described. As Magistrate Judge Wildeman noted, "[t]he ALJ is not required to articulate on evidence that is neither valuable nor persuasive." Dkt. 16 at 8 (citing to 20 C.F.R. § 404.1520c). Again, we concur in full with Magistrate Judge Wildeman's conclusion that substantial evidence supported the ALJ's analysis of Betty's subjective symptoms and adopt, in their entirety, her findings and recommendations as our own as to this issue.

      C.      **Questioning of the Vocational Expert**

Betty's final objection challenges Magistrate Judge Wildeman's rejection of Betty's contention that the ALJ erred in her questioning of the vocational expert. More specifically, Betty argues that the ALJ failed to identify specific functions of her past relevant work. The ALJ found that Betty was able perform two different types of past relevant work: (1) a claims clerk; and (2) an assembler. Betty claims the second category was found in error by the ALJ. However, as Magistrate Judge Wildeman noted, even if Betty is not able to work as an assembler, the past relevant work of claims clerk still survives as an option. Whatever deficiencies may have tainted the the ALJ's examination of the vocational expert regarding the assembler job, they do not overcome a finding that Betty was still capable of performing her past relevant work as a claims clerk. Moreover, Betty declined to challenge the vocational expert's testimony at the hearing, and she did not object, cross-examine, or

otherwise contest the testimony as to the assembler job. Magistrate Judge Wildeman's conclusion matches ours: the ALJ did not error in her questioning of the vocational expert. We, in their entirety, adopt her findings and recommendations as our own as to this issue.

### III.  Conclusion

Having reviewed *de novo* Magistrate Judge Wildeman's analysis and conclusions as reflected in her Report and Recommendation, we hold, based on the same reasons explicated in her report, with which we entirely concur and fully adopt both as to the cited authorities and related analysis, that none of the assignments of error raised by Betty meets the standard required to justify remand.

Accordingly, Betty's objections to the Report and Recommendation of Magistrate Judge Wildeman are **OVERRULED**, and the recommendations set forth in Magistrate Judge Wildeman's Report and Recommendation [Dkt. 16] are hereby **ADOPTED** in their entirety. Final judgment shall enter in favor of Defendant and against Plaintiff.

IT IS SO ORDERED.

Date: 3/26/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Elaine Kuntz
Social Security Administration
elaine.kuntz@ssa.gov

Catherine Seagle
Social Security Administration
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Kirsten Elaine Wold
Hankey Marks & Crider
kwold@hankeylaw.com